**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

GERALD REESE,

    Plaintiff,

v.

MICRO DENTAL LABORATORIES,

    Defendant.

No. C 06-5873 SBA

**ORDER**

[Docket Nos. 22, 30]

Before the Court is defendant Micro Dental Laboratories' (Micro Dental) motion for summary judgment [Docket No. 22] pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Micro Dental has also submitted objections to declarations and evidence presented by plaintiff Gerald Reese [Docket No. 30.

After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion for summary judgment is GRANTED. The objections to plaintiff's evidence are OVERRULED as moot.

**BACKGROUND**

This is an employment discrimination action brought by Gerald Reese. Reese is a former employee of Micro Dental Laboratories (Micro Dental), a California company that manufactures and sells dentures, crowns and other dental restoration devices to dentists and their patients. *See* Docket Nos. 23 at 2; 28, Hites Decl. at 4. Reese began working for Micro Dental around April 26, 2001, in the company's quality control department. *See* Docket No. 25, Ex. A at 103, 105. At the end of 2001 or early 2002, Micro Dental promoted Reese to the position of "team leader floater." He was again promoted in 2004 to a "team leader," a managerial position for which he received monthly bonuses. *See* Docket No. 23 at 3. By the end of 2004 or early 2005, Reese's position changed back to that of "team leader floater," and shortly thereafter he was assigned to the position of "case planning manager." *See* Docket No. 25, Ex. A at 117-18.

Sometime in January 2006, Reese injured his ankle, knee, hip and back when two coworkers got into the same elevator and started some "horseplay." *Id.* at 15. On the same day, Reese reported his injuries to Patricia Hites, his immediate supervisor and division manager. Hites told Reese that someone from the human resources department was going to contact him, although Reese claims that no one ever called him. *Id.* at 17-18. A few days after the incident, Reese followed up by explaining to Hites that no one had contacted him, and he again was told that he would be contacted. *Id.* Sometime later Reese filed a claim for workers' compensation benefits, although it is unclear from the record if he did so before or after his termination. *See* Docket Nos. 1 at 2; 25, Ex. A at 27.

During the same month, Reese was involved in another incident upon which he is basing part of this action. Felipa Pena, a coworker, approached Reese and complained that her fellow employee, a man named John Dubitsky, continued to sexually harass her by calling her a "fucking breeder."[1] Docket No. 28 at 9. Reese spoke with Zrebric Humphrey, a Micro Dental manager, about what should be done. *See* Docket No. 28 at 2. Although it is unclear who initiated the confrontation,[2] Reese and Humphrey escorted Dubitsky into a small room and told him to stop harassing Micro Dental employees. *Id.* at 3. Dubitsky later said he felt "threatened" by Reese and Humphrey, so he complained to manager Hites, who urged him to file a complaint with the human resources department. *See* Docket No. 25, Ex. C at 19. Hites and Dubitsky were friends who frequently ate lunch together. *See* Docket No. 28, Hites Decl. at 9. Sometime thereafter, the company's vice president of Human Resources, Robert Starr, spoke separately with Dubitsky, Humphrey and Reese about the incident. *See* Docket No. 25, Ex. A at 186, 189; Ex. C at 20.

On February 22, 2006, Reese was terminated from his employment. *See* Docket 25, Ex. A at

---

[1] Dubitsky referred to Pena as a "breeder" based upon Pena's need to take time off work to care for her sick child. *See* Docket No. 28 at 9.

[2] In objecting to certain evidence, Micro Dental correctly notes that Reese provides contradictory testimony in his deposition and his declaration regarding the confrontation with Dubitsky. *See* Docket No. 30 at 1. In his deposition, Reese states that "Zrebric . . . was the one that was the lead on it. I was just the witness." *See* Docket No. 25, Ex. A at 186. In his declaration, however, Reese states "I then approached a fellow manager, Zebric [sic] Humphrey, for backup in confronting John Dubinsky [sic]." *See* Docket No. 28, Reese Decl. at ¶ 6.

128. His manager, Ms. Hites, explained to him that his position of case planner had been eliminated. *Id.* Reese asked, "Did I do anything wrong?" and Hites responded, "No." *Id.* at 130. Eight other employees were also discharged around the same time. *See* Docket 24 at ¶ 6.

Sometime after his termination, Reese filed charges of age discrimination with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. *See* Docket No. 1 at 3. He now brings charges in federal district court alleging four claims: 1) age discrimination under the federal Age Discrimination in Employment Act (ADEA), 2) retaliation under Title VII of the Civil Rights Act of 1964, 3) age discrimination under the California Fair Employment and Housing Act (FEHA) and 4) retaliatory termination under FEHA and the California Labor Code §. 132(a). *Id.* at 1.

## LEGAL STANDARDS

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *See Horphag v. Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248; *Rivera*, 395 F.3d at 1146.

In responding to a properly supported summary judgment motion, the non-movant cannot merely rely on the pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002); *Federal Trade Comm'n v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Sullivan v. U.S.*

3

*Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004); *Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir. 2004).  At the summary judgment stage in discrimination cases, "the order of proof and shifting of burdens must be viewed in light of the traditional test for granting summary judgment."  *Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986), *overruled on other grounds by Kennedy v. Allied Mutual Ins. Co.* 952 F.2d 262 (9th Cir. 1991).

**ANALYSIS**

**A.     Age discrimination**

In his opposition to summary judgment, Reese fails to respond to or even mention Micro Dental's attack on his age discrimination claims.  *See* Docket No. 28.  Instead, Reese focuses exclusively on reiterating and supporting his retaliation claim.  *Id.*  The Federal Rules state that

> an adverse party may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's response, by affidavits
> or as otherwise provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial. If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(E).  "It is not [the task of the district court] to scour the record in search of a genuine issue of triable fact.  [The Court relies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir. 1995)) (citations omitted).  Therefore the Court will review Reese's age discrimination claims in light of his failure to set forth any evidence with reasonable particularity.

A plaintiff suing under the Age Discrimination in Employment Act (ADEA) must first establish a *prima facie* case of age discrimination.[3]  *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420

---

[3] The same standards generally apply when analyzing a claim under either AEDA or FEHA.  *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) ("California courts have relied upon federal interpretations of Title VII to interpret analogous provisions of the California Fair Employment and Housing Act (FEHA), which prohibits unlawful discrimination"); *see also El-Mosalamy v. Community Hosp. Family Practice*, 215 F.3d 1332, n.3 (9th Cir. 2000) ("Courts use the same standards when analyzing claims under Title VII, ADEA, and FEHA").

1  (9th Cir. 1990).  If a *prima facie* case is shown, the burden then shifts back to the employer to state a
2  legitimate, nondiscriminatory reason for its employment decision.  *Id.* (citing *Watson v. Fort Worth*
3  *Bank and Trust*, 487 U.S. 977, 986 (1988).  If the employer meets this burden, the plaintiff must
4  prove the employer's reason is a pretext for discrimination.  *Rose*, 902 F.2d at 1420.  This shifting
5  burden of proof that applies to Title VII discrimination claims also applies to actions arising under
6  the ADEA.  *Palmer v. U.S.*, 794 F.2d 534, 537 (9th Cir. 1986).  The elements of a *prima facie* case
7  in an age discrimination claim are that plaintiff 1) was a member of the protected class (age 40 to
8  70); 2) was performing his job in a satisfactory manner, 3) was discharged and 4) was replaced by a
9  younger employee with equal or inferior qualifications.  *Douglas v. Anderson,* 656 F.2d 528, 533
10 (9th Cir. 1981); *Messick v. Horizon Industries, Inc.*, 62 F.3d 1227, 1229 (9th Cir. 1995).

11         Micro Dental does not dispute that Reese was a member of a protected class.[4]  There is also
12 very little evidence that Reese was not performing his job duties satisfactorily.[5]  Both parties agree
13 that Reese was discharged in February 2006.  *See* Docket Nos. 23 at 6, 28 at 4.  The parties do
14 dispute whether Reese was replaced by younger coworkers of equal or inferior qualifications.  If
15 these replacements were "only slightly younger than the plaintiff, then it is less likely that an
16 inference of discrimination can be drawn.  However, replacement by even an older employee will
17 not necessarily foreclose prima facie proof if other . . . evidence supports an inference of
18 discrimination."  *Douglas,* 656 F.2d at 533.  In each case it must be determined if evidence
19 "identifies age as the likely reason for the discharge."  *Id.*

20         Reese claims he was replaced by two younger employees: Michael Xian and Kuen Ip.  *See*
21 Docket No. 25, Ex. A at 146-47.  Micro Dental explains that Reese's job was actually absorbed by
22 three workers: Xian, Ip and Henry Mattos, ages 43, 60 and 69, respectively.  *See* Docket No. 23 at 7.
23 The absorption of Reese's job as case manager into three other positions occupied by people both

---

[4] Reese was 62 years old when he was terminated.  *See* Docket No. 25, Ex. A at 162.

[5] Several declarations -- those of Patricia Hites, Robert Starr and Frank Charles Pope -- contain vague and general statements suggesting Reese did not perform well in some areas.  But Micro Dental offers no evidence of poor written performance evaluations, and there is no proof that anyone ever spoke with Reese about any shortcomings.  *See* Docket Nos. 25, Ex. F at 55, Ex. G at 68; 28, Ex. 13 at 27.

1  older and younger than the plaintiff fails to establish the fourth element of a *prima facie* age
2  discrimination case because Reese was not replaced – his job position was eliminated.  Furthermore,
3  Reese offers no evidence that these employees were equally or less qualified than the plaintiff.

4  Even if Reese could make a *prima facie* showing, Micro Dental provides a legitimate,
5  nondiscriminatory reason for its decision to terminate Reese's employment.  Robert Starr, the
6  company's vice president of human resources, explains that Micro Dental wanted to "cut costs by
7  improving employee efficiency and productivity." *See* Docket No. 25, ¶ 4.  This "restructuring"
8  strategy led to the termination of eight other employees in addition to Reese, almost all of whom
9  were younger than 40. *Id.* at ¶ 6.

10  By providing a legitimate reason for its decision to terminate Reese's employment, Micro
11  Dental shifts the burden back to Reese to show that the reason for the adverse employment action
12  was a pretext for discrimination.  *See Rose*, 902 F.2d at 1420.  A plaintiff "must produce specific,
13  substantial evidence of pretext."  *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)
14  (quoting *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996)) (quotation marks
15  omitted);  *Collings v. Longview Fibre Co.,* 63 F.3d 828, 834 (9th Cir.1995); *Wallis v. J.R. Simplot
16  Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

17  Reese offers no such proof.  Not only does he fail to support his age discrimination claims
18  with "specific facts"[6] in his summary judgment opposition as required by Rule 56(e); he also admits
19  he was never treated differently by any Micro Dental employees on account of his age before his
20  termination.  *See* Docket No. 25, Ex. A at 166.  Since Reese offers no genuine issue of material fact
21  that could infer a connection between his age and his discharge, Micro Dental is entitled to judgment
22  as a matter of law on Reese's age discrimination claims under both AEDA and FEHA.

23  **B.   Retaliation**

24  To establish a *prima facie* showing in a retaliation claim, a plaintiff must show 1) he was
25  engaged in a protected activity, 2) an adverse employment action occurred and 3) there is a causal

---

[6] FED. R. CIV. P. 56(E).  Reese's opposition to Micro Dental's summary judgment motion does not mention his age discrimination claims at all.

6

link between the two.  *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000); *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997); *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731 (9th Cir. 1986).  Once a *prima facie* case is established, the burden shifts back to the employer "to present legitimate reasons for the adverse employment action."  *Brooks*, 229 F.3d at 928.  If the employer meets this burden, the plaintiff must show a genuine issue of material fact as to whether the reason put forth by the employer was a pretext.  *Id.*  "Because California law under the FEHA mirrors federal law under Title VII, federal cases are instructive."  *Godwin*, 150 F.3d at 1219.

### 1. Reese's workplace injury

Reese alleges that Micro Dental retaliated against him by terminating his employment because he reported a workplace injury, an act protected under the California Labor Code.  *See* Docket No. 1 at 5.  The Labor Code states that

> Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor . . . .

CAL. LABOR CODE § 132(A)(1).  In order to prove an employer has violated Section 132(a), a worker must show that "as a result of an industrial injury, the employer engaged in conduct detrimental to the worker."  *Crown Appliance v. Workers' Comp. Appeals Bd.,* 9 Cal. Rptr. 3d 415, 419 (Cal. Ct. App. 2004) (quoting *Barns v. Workers' Comp. Appeals Bd.*, 266 Cal. Rptr. 503, 508 (Cal. Ct. App. 1989)).  If a worker can make such a showing, the burden shifts to the employer "to demonstrate that its conduct was necessary and directly linked to the realities of doing business."  *Crown Appliance,* 9 Cal. Rptr. at 419.

In addition to failing to mention his workplace injury retaliation claim in his opposition papers, Reese offers very little evidence linking his discharge to his act of reporting his injury to a Micro Dental manager.  Although there is evidence he did communicate his injury to a manager sometime in January 2006, Reese concedes that, other than the temporal proximity of his injury to his termination, he has no reason to believe his discharge came "as a result of" his injury.  *See*

7

Docket No. 25, Ex. A at 168.  Even if this temporal nexus, by itself, is enough to link the two events, Micro Dental has shown that Reese's discharge, along with those of eight other employees, was done to promote efficiency and productivity and thus was "necessary and directly linked to the realities of doing business."[7]  *Crown Appliance,* 9 Cal. Rptr. at 419.

Furthermore, Reese did not file a workers' compensation claim or even see a doctor until months after he was terminated.  *See* Docket No. 25, Ex. A at 27.  Nor did he ever tell or suggest to anyone at Micro Dental that he believed his termination was a result of his report of a workplace injury.  *Id.* at 178.  Since there is insufficient evidence linking his injury to his discharge, Reese has raised no genuine issue of material fact and the summary judgment motion on this claim is granted.

**2.     Reese's claims under Title VII and FEHA**

There is no dispute between the parties that Reese's termination qualifies as an "adverse employment action" under Title VII.  Although Micro Dental's initial summary judgment motion is silent on whether Reese's role in confronting a harassment allegation of a coworker constitutes a "protected activity" under Title VII, Micro Dental's reply assumes, "for argument's sake," that such activity is protected.  *See* Docket No. 29 at 4.  The Ninth Circuit holds that "[t]o establish the first element of a prima facie [retaliation] case, [plaintiff] must only show that [he] had a reasonable belief that the employment practice [he] protested was prohibited under Title VII."  *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994); *see also Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978).  Sexual harassment is considered an unlawful employment practice because "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated."  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).  There is no dispute that Reese, along with another employee, confronted a fellow co-

---

[7] *See* Docket No. 25, ¶¶ 4, 6.

8

worker about an alleged instance of sexual harassment.[8] *See* Docket No. 23 at 4. Reese had a "reasonable belief" that his coworker had harassed another coworker because the victim approached him personally and expressed her concern. *See* Docket No. 28, Pena Decl. at ¶ 7. Thus Reese's role in the incident qualifies as a protected activity under both Title VII and FEHA.

In its reply, Micro Dental also assumes *arguendo* that, by establishing a *prima facie* retaliation case, Reese can show a causal link between his protected activity and his termination. *See* Docket No. 23 at 4. But such a link is unclear. Zrebric Humphrey, the manager who accompanied Reese and who, according to Reese, took the "lead" in confronting their coworker about the alleged harassment, was never terminated. *See* Docket Nos. 25, Ex. A at 186; 26 at ¶ 8. Reese never told anyone that he believed there was any connection between his role in the harassment incident and his discharge. *See* Docket No. 25, Ex. A at 199. The strongest inference of a link between Reese's protected activity and his termination rests in their proximity in time of approximately 1 ½ months.[9] But "[i]t is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 895 (9th Cir. 2005) (quoting *Kachmar v. SunGard Data Sys. Inc.*, 109 F.3d 173, 177 (3rd Cir. 1997). A temporal nexus, without more, may have difficulty supporting a *prima facie* retaliation case. *See Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003); *see also Vogel v. Wal-Mart, Inc.*, 21 Fed. Appx. 728, 729 (9th Cir. 2001) ("[plaintiff] cannot rely on temporal proximity between the claim and the adverse employment action alone to defeat summary judgment").

---

[8] Micro Dental assumes "for argument's sake" that Reese makes out a *prima facie* case for retaliation, although it does note that "Reese's alleged protected activity bears a very tenuous relationship to the conduct prohibited by Title VII or FEHA." Docket No. 29 at 4, n.2. As noted above and acknowledged by Micro Dental, whether the events underlying the protected activity constitute harassment is irrelevant – all that is necessary is a "reasonable belief" by the plaintiff that such conduct is an unlawful employment practice. *Trent*, 41 F.3d at 526.

[9] The harassment incident occurred sometime in early January 2006. *See* Docket No. 23 at 4. Reese was terminated on February 22, 2006. *Id.* at 6.

9

Even if a causal link could be established between the harassment incident and Reese's discharge, Micro Dental provides a legitimate reason for its employment action. *Brooks*, 229 F.3d at 928. As noted above, the company's vice president of human resources explained that Micro Dental wanted to "cut costs by improving employee efficiency and productivity," a strategy that resulted in the discharge of Reese and eight other employees. *See* Docket No. 25, ¶¶ 4, 6. Such a reduction in the labor force, to further a company's economic goals, is a legitimate reason for layoffs. *See Sengupta v. Morrison-Knudsen Co., Inc.*, 804 F.2d 1072, 1075 (9th Cir. 1986). By providing a legitimate reason for its employment action, Micro Dental shifts the burden back to Reese to show "specific" and "substantial" evidence that the company's decision was a pretext. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir. 2000); *Wallis*, 26 F.3d at 890. Pretext can be established 1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or 2) directly, by showing that unlawful discrimination more likely motivated the employer. *Noyes v. Kelly,* 488 F.3d 1163, 1170 (9th Cir. 2007) (quoting *Chuang v. University of California Davis*, *Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000)); *see Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

The only evidence Reese offers to suggest Micro Dental's decision was pretextual lies in the friendship between Hites, his manager, and Dubitsky, the employee who Reese confronted over an alleged sexual harassment incident. This friendship, Reese argues, provides an ulterior motive as to why Hites terminated him. *See* Docket No. 28 at 8. Yet Hites did not terminate or reprimand the other employee involved in confronting Dubitsky,[10] nor does Reese explain how his discharge, along with the layoffs of eight other people, was anything other than a legitimate business decision. Micro Dental managers had been holding meetings about ways to cut costs for months before Reese's termination. *See* Docket No. 23 at 3. In discussions about what positions to eliminate, a technical director at the company told Hites that Reese's productivity wasn't where it needed to be in order to

---

[10] *See* Docket No. 26, ¶ 8.

10

transfer him to another position. *See* Docket No. 25, Ex. F. at 55, Ex. G at 58.

The suggestion that Hites had an ulterior motive in terminating Reese, standing alone, falls far short of the "specific" and "substantial" evidence necessary to establish that Micro Dental's employment decision was pretextual. *Cf. Noyes*, 488 F.3d at 1172 (where substantial evidence undermining the credibility of employer's decision, coupled with evidence of favoritism, was enough to survive summary judgment). Since Reese fails to raise a genuine issue of material fact related to his retaliation claims, summary judgment in favor of Micro Dental is appropriate.

### C. Objections to plaintiff's evidence

Micro Dental objects to certain pieces of evidence presented with the plaintiff's opposition motion. *See* Docket No. 30. Since no disputed evidence was used in deciding this summary judgment motion, Micro Dental's objections are overruled as moot.

## CONCLUSION

Accordingly, defendant Micro Dental's motion for summary judgment [Docket No. 22] is GRANTED. The defendant's objections to plaintiff's declarations and evidence [Docket No. 30] are OVERRULED as moot.

IT IS SO ORDERED.

October 10, 2007                             _____

                                                                    Saundra Brown Armstrong
                                                                    United States District Judge